# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60322
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2018

Lyle W. Cayce
Clerk

GERSON OSWALDO RUANO-SALAZAR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 652 308

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

After failing to appear at his 15 November 2005 removal hearing, Gerson Oswaldo Ruano-Salazar, a native and citizen of Guatemala, was ordered removed from the United States *in absentia.*  More than ten years later, Ruano moved, in April 2016, to reopen his removal proceedings and to rescind the *in absentia* removal order.  The Immigration Judge (IJ) denied the motion, and the Board of Immigration Appeals (BIA) dismissed the appeal.  Ruano petitions

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

for review of the BIA's order.  For the following reasons, there was, *inter alia*, no abuse of the BIA's discretion.  *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

First, Ruano asserts the BIA erred in denying his motion to rescind the *in absentia* removal order because he did not receive actual notice of the removal hearing.  8 U.S.C. § 1229a(b)(5)(C)(ii).  He concedes, however, that he did not provide the immigration court with an address for service, despite receiving written and oral notice of his obligation to do so.  8 U.S.C. § 1229(a)(1)(F)(i).  Accordingly, he is not entitled to rescission of the *in absentia* removal order based on lack of notice.  *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 (5th Cir. 2009).  Moreover, because his motion to rescind was filed more than 180 days after entry of the final order of removal, Ruano may not rely on "exceptional circumstances" to excuse his failure to provide an address for service.  8 U.S.C. § 1229a(b)(5)(C).

Next, Ruano contends the BIA erred in finding equitable tolling was not applicable to the relevant statutory period in which he was permitted to file a motion to reopen.  Equitable tolling is warranted only if Ruano establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing".  *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)).  Ruano fails to establish he was diligent in seeking relief from the order of removal.

Along that line, his claims he was deceived by various persons who represented themselves as attorneys while working on his immigration case fall short of establishing diligence throughout the relevant over ten-year period.  In that regard, Ruano does not assert he ever independently inquired regarding the status of his immigration proceedings, despite his own

acknowledgement he knew he needed to "address [his] immigration status" and "deal with the consequences of missing" his hearing before the IJ. Furthermore, it was his failure to comply with his duty to update his address—a delay of his own making—that led to the entry of the *in absentia* removal order and the ensuing over ten-year period before he sought to reopen his case. *E.g.*, *Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010).

Finally, Ruano claims this court should remand this case in order for the BIA to evaluate his circumstances "more thoroughly", and asserts its decision fails to "state its reasoning and how it weighed" his equities in denying relief. We disagree; the BIA's order "reflect[s] meaningful consideration of the relevant substantial evidence supporting [his] claims". *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). And, to the extent Ruano contends the BIA's refusal to exercise its discretion to reopen the removal proceedings *sua sponte* was error and seeks remand for the BIA to reconsider exercising its discretion, we lack jurisdiction to consider such a claim. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004).

DISMISSED in PART; DENIED in PART.